Robert J. PLEASANT and R. J. Pleasant Investment Trust, Plaintiffs in Error,

v.

Dorothy D. PLEASANT, Defendant in Error.

No. 42611.

Supreme Court of Oklahoma.

Jan. 27, 1970.

F. C. Swindell, Tulsa, for Robert J. Pleasant.

C. H. Rosenstein, Rosenstein, Livingston, Fist & Ringold, Tulsa, for R. J. Pleasant Investment Trust.

Tom Durham, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal from a divorce decree by Robert J. Pleasant and R. J. Pleasant Investment Trust, defendants in a divorce action instituted by Dorothy D. Pleasant.

The decree granted a divorce to plaintiff and awarded her, as her separate property, stocks, bonds and debentures valued at $96,623.27, representing inheritances and the increase thereof over a period of many years, and also awarded her, as her share of the property acquired during coverture, the home real estate and household furnishings and shares of stock with an estimated total value of $165,150.78. The decree further granted to plaintiff a judgment for alimony in the sum of $99,000, payable $750 per month, and awarded to her for the benefit of her counsel an additional attorney fee of $17,500, which, with the $5000 previously allowed and paid by defendant Robert J. Pleasant made a total attorney fee of $22,500 charged to said defendant. The trial court also allowed a fee of $1500 to a referee and directed that the defendant pay this as part of the costs.

The trial court awarded certain described shares of stock with a recited value of $1,121,060.40, and all other "miscellaneous real and personal property" to the defendant Robert J. Pleasant.

The R. J. Pleasant Investment Trust was created by Robert J. Pleasant and a large portion of the stocks described as having been "acquired during coverture" had been transferred to it.

Dorothy D. Pleasant and Robert J. Pleasant are of advanced years and had been married for 45 years prior to the divorce. They have entered into and filed in this court a stipulation reciting that they have reconciled their differences and de-sire to return to their previous marital status. Therein they ask this court to vacate and set aside the judgment of the lower court, except that they request a determination of Robert J. Pleasant's propositions of error as to whether the attorney fee allowed for plaintiff's attorney was reasonable, and as to the validity and amount of the referee's fee.

The stipulation has the approval of R. J. Pleasant Investment Trust endorsed thereon.

■ We will first dispose of the question of the reasonableness of the attorney fees.

We have examined and read the record and briefs in this matter. The record reveals that this was a highly contested lawsuit and ran the usual "course" for contested matters of this kind, and involved considerable properties and sums, except that there were no problems concerning child custody and support. The appeal was fully briefed in this court.

As heretofore stated, the lower court allowed a total attorney fee of $22,500 for plaintiff's attorney. Of this amount $5000 was paid by defendant in the early states of the litigation. After the appeal was perfected in this court, the plaintiff requested and this court ordered the defendant to pay $2500 in attorney fees for plaintiff's attorney, subject to credit therefor in the discretion of this court on final disposition of this appeal. The stipulation signed by the plaintiff and defendant informs us that the plaintiff Dorothy D. Pleasant has also paid her attorney the sum of $2600. This makes a total of $10,100 received by the attorney.

In view of all of the circumstances, it is our conclusion that the trial court's allowance of $22,500 should not be disturbed, but that there should be credited thereon the above sum of $10,100, leaving a balance of $12,400 due and owing by Robert J. Pleasant. However, this amount shall not bear interest until the judgment becomes final, and shall be payment in full

for all services rendered in the lower court and in this court.

■ This leaves for determination the question of the validity and amount of the referee's fee of $1500.

This action was originally filed only against Robert J. Pleasant, but early in the proceedings it was discovered that the defendant owned stock in a number of corporations he had formed or participated in forming, and that he had created the Trust and assigned practically all of such stock to it. The court then appointed the referee with directions to conduct hearings to discover the extent, status and value of defendant's holdings. The referee proceeded to accomplish this by inquiry and by taking depositions on four separate dates. He then reduced his findings and conclusions to writing and submitted them to the court, where they contributed substantially toward disclosing the condition of defendant's affairs.

Defendant Robert J. Pleasant urges that the referee occupied the position of a person taking depositions, and was only entitled to the small fees of ten cents, for swearing each witness; fifty cents, for each subpoena, etc.; and fifteen cents, for each hundred words contained in the deposition. 12 O.S.1961, § 449.

We do not agree with defendant's contention. The referee obviously used the deposition method for his purpose of discovering defendant's corporate assets and income, but the report and conclusions submitted to the court were not the acts of a mere taker of a deposition.

It is our conclusion that the allowance of $1500 to the referee should stand.

It is the order and judgment of this court that the decree of divorce and the judgment of the lower court is vacated and set aside, except as to the attorney's fee and referee's fee, which are affirmed as above set forth.

It is the further order of this court that upon payment of the above fees and the costs to Robert J. Pleasant, the trial court shall enter a dismissal of the action and discharge the appeal bond filed therein.

All Justices concur.